UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:06CR00070 ERW |
| ) | |
| DEWAYNE HARRIS, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND OPINION**

The matter comes before the Court on Defendant's Motion for Reduction of Sentence [doc. #43] pursuant to 18 U.S.C. §3582(c) and Government's Response to Defendant's Motion for Reduction of Sentence [doc. #44].

**I. BACKGROUND**

Defendant was indicted on Count Two for Possession With Intent to Distribute Five Grams or More of Cocaine Base. He and the Government entered into a plea agreement for an agreed sentence of 97-months imprisonment, unless after preparation of the Pre-Sentence Report, Defendant qualified as a Career Offender under United States Sentencing Guideline 4B1.1, in which case, he would be sentenced as a Career Offender. Defendant appeared for sentencing on October 30, 2006. In accordance with the ordinary custom, the Court announced that the factual statements in the Pre-Sentence Report were adopted as the Court's findings of fact; that since January 12, 2005, the United States Sentencing Guidelines were advisory and not mandatory; and that the Court is required to make calculations under the Guidelines and to consider the guideline range along with other factors. Those other factors, the Court announced, included consideration of the impact of the Parties' plea agreement, evidence and statements of respective counsel and of

1

Defendant, whether to impose a Guideline sentence after making any departures, and whether to impose a non-Guideline sentence after considering all of the factors set forth in 18 U.S.C. §3553(a). The Court then read those factors into the record.

The 2005 edition of the United States Sentencing Guidelines Manual was consulted in making calculations. The Court began by announcing that the base offense level for violation of 21 U.S.C. §841(a)(1) is found in 2D1.1(c)(1) of the Manual, which contains the drug quantity table. The Court stated that the base offense level for between 5 and 20 grams of cocaine base is 26, however, since the Defendant was found to be a Career Offender, the base offense level under 4B1.1 would be 34. Three levels were reduced under 3A1.1(a) and (b) for full and timely acceptance of responsibility, so that Defendant's total offense level was declared to be 31 and his Criminal history was VI. The guideline range was declared to be 188 to 235 months. The Court then announced that the Parties' plea agreement stated, "[t]here was an agreed 97-month sentence unless it is determined that Mr. Harris is a [C]areer [O]ffender, and that determination has now been made. The sentencing range is from 188 to 235 months." Allocution was granted, Ms. Crites-Leone, Assistant United States Attorney spoke, then Mr. Skrien spoke, arguing that the Guideline sentence would work an injustice and that the 97-month sentence should be imposed or a sentence equal to fifty percent of the Career Offender range should be imposed.

Mr. Skrien observed that in the Pre-Sentence Report, Defendant indicated "no need for treatment or something to that effect, no illicit use I believe was the terminology." Mr. Skrien next argued that because Defendant was fifty years old, even with serving a 97-month sentence, recidivism was not likely. He posited that Defendant's drug sales were for small amounts, that Defendant was having difficulty with his employment and turned to selling drugs, that he was a

2

care-giver for his grandmother and that Defendant was remorseful. The Defendant made his statement saying he was remorseful and that his money ran out, and he started selling drugs.

The Court again acknowledged that the United States Sentencing Guidelines were advisory, that Defendant's criminal history was substantial, beginning in 1975, that it involved another drug offense about four years before the subject offense; that he had committed violent offenses including "second degree murder . . . some DWI offenses, battery, armed robbery and so forth." The Court concluded that a slightly lighter sentence, taking into account the stated 18 U.S.C. §3553(a) factors, "would reflect the seriousness of the offense, would promote respect for the law, and would provide just punishment for the offense . . . [a]nd a sentence of 188 months, considering the Defendant's criminal history, primarily since 1985 seemed to me to be a harsher sentence than justified under all of the circumstances of the case." After referring to other 3553(a) factors, the Court imposed a sentence of imprisonment of 140 months to be served concurrently with a prior conviction in Pemiscot County, and sentenced Defendant to four years on supervised release, ordered him to pay a special assessment of $100.00 and dismissed count one of the indictment in accordance with the parties' plea agreement.

The defendant now comes back for a sentence reduction under 18 U.S.C. §3582(c), first arguing that he possessed 13.77 grams of cocaine base, and had he been charged with powder cocaine, "he would have had to possess 500 grams to trigger the mandatory minimum sentence." The Court acknowledges that there is a current Congressional debate as to whether any disparity should exist between powder cocaine and cocaine base, but the Court will not join either side of that argument, understanding its obligation to interpret the law as it currently exists. The Court is aware of current Eighth Circuit authority which permits a reduction below the United States Sentencing Guidelines on the basis of disparity between powder cocaine and cocaine base under a

3

variance pursuant to the 18 U.S.C. §3553(a) factors.  That, the Court will not embrace in this case.  The Court believes that the sentence imposed on October 30, 2006, was a just sentence, imposed after giving careful consideration to all factors and circumstances in Defendant's case.  The sentence will not be reduced, based on the record at the time Defendant was sentenced, and after considering changes in the law since the date of Defendant's sentence.  The Court firmly believes that any sentence less than a sentence of imprisonment of 140 months would be an unjust disparate sentence.

Furthermore, Defendant was not sentenced based on the drug quantity table.  His sentence was not based on a Guideline range that was the subject of the amendment to 1B1.10, but rather, he was sentenced as a Career Offender, and as such, is not entitled to relief under 18 U.S.C. §3582(c).  In *United States v. Tingle*, the Eighth Circuit spoke with unmistakable clarity,

> Although courts "may not modify a term of imprisonment once it has been imposed," §3582(c), Congress has provided an exception for defendants who were "sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994( *o*)," §3582(c)(2).  Although the Sentencing Commission lowered the offense levels in USSG §2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG §4B1.1, which is what set Tingle's sentencing range.  Because Tingle was not sentenced based on a sentencing range that has since been lowered, he has not met the eligibility requirements for a reduction of his sentence under §3582(c)(2).  Application of Amendment 706 would not lower his applicable guidelines range. *See* USSG § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 2008) ("A reduction ... is not authorized under 18 U.S.C. §3582(c)(2) if-an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

*United State v. Tingle,* 524 F.3d 839, 840 (C.A.8 Ark. 2008).

Defendant was not sentenced based on a sentencing range that has since been lowered, and he has not met the eligibility requirements for a sentence reduction under 18 U.S.C. §3882(c)(2).

**ACCORDINGLY,** Defendant's Motion for Reduction of Sentence [doc. #43] is **DENIED**.

So Ordered this 3rd Day of September, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE